Case 4:22-cv-02360   Document 28   Filed on 10/26/22 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
October 26, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CENTENNIAL BANK f/k/a HAPPY STATE BANK d/b/a GOLDSTAR TRUST COMPANY, | § § § | |
| Plaintiff, | § § | Civil Action No. 4:22-cv-02360 |
| v. | § § | |
| BANK OF AMERICA N.A. AND JOHN DOE DEFENDANTS, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion to Remand. ECF 14. Defendant Bank of America N.A. filed a response. ECF 18. Plaintiff filed a Reply. ECF 19. Having considered the parties' submissions and the applicable law, it is RECOMMENDED that the Motion to Remand be DENIED.[1]

I. **Background**

On January 29, 2020, a customer of Centennial Bank f/k/a/ Happy State Bank d/b/a Goldstar Trust Company ("Plaintiff") executed a check in the amount of $58,000.00 payable to Wooten Supply, Inc. ("the Check"). ECF 1-1 at 15. Plaintiff alleges in the suit that Defendant Bank of America N.A. ("BANA") improperly negotiated the Check which was "not endorsed by the name of the payee" and that the proper party did not receive the proceeds of the Check. *Id.* at ¶ 7.

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 9.

1

On June 21, 2022, Plaintiff filed a state court suit against BANA in the 61st Judicial District Court of Harris County, Texas. ECF 1-1 at 3. The state court complaint names BANA and the John Doe Defendants who purportedly facilitated the fraudulent deposit and transfer of funds, alleging claims for: breach of UCC warranties; breach of contract; unjust enrichment; money had and received; aiding and abetting by assisting and participating; negligence; and gross negligence. *Id.* at ¶¶ 9-25. The complaint seeks "actual damages of at least $58,000.00," along with "punitive and exemplary damages" and "reasonable and necessary attorneys' fees." *Id.* at ¶¶ 24, 26.

BANA filed a Notice of Removal to the United States District Court for the Southern District of Texas on July 15, 2022, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. ECF 1 at ¶ 6. The Notice of Removal alleges complete diversity, stating that BANA is a citizen of North Carolina, and Plaintiff is domiciled in Texas. *Id.* at ¶ 10. In its Response to Plaintiff's Motion to Remand, BANA admits that it erred when identifying Plaintiff as a citizen of Texas and that Plaintiff is, in fact, a citizen of Arkansas. ECF 18 at ¶ 13 n.2. BANA's Notice of Removal states that the amount in controversy exceeds $75,000 due to the Plaintiff's claims regarding the $58,000 check as well as claims for "actual, special, and/or equitable damages," "punitive and exemplary damages," and "reasonable and necessary attorneys' fees". ECF 1 at ¶ 13 (citing ECF 1-1 at ¶¶ 22-26). Plaintiff now seeks remand to state court, arguing that BANA failed to meet its burden on removal to show complete diversity among the parties and an amount in controversy in excess of $75,000.

II.     **Legal Standard for Removal**

The party asserting diversity jurisdiction bears the burden of persuasion as to all aspects of jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). District courts have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is

Case 4:22-cv-02360   Document 28   Filed on 10/26/22 in TXSD   Page 3 of 7

between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).  Section 1441(a) of Title 28 authorizes the removal of actions to the United States district court in the district and division embracing the place where the state court action is pending.  When determining the citizenship of parties in the context of removal, "the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. §1441(b).  Citizenship of the parties should be "distinctly and affirmatively alleged" when jurisdiction depends on citizenship.  *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (internal quotation omitted).

With respect to determining the amount in controversy required for diversity jurisdiction, 28 U.S.C. § 1446(c)(2) provides that ". . . the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," except that the "notice of removal may assert the amount in controversy if . . . the State practice . . . does not permit demand for a specific sum . . . ." If State practice does not permit demand for a specific sum,[2] the amount-in-controversy requirement is met "if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]."  28 U.S.C. § 1446(c)(2)(B).  The "preponderance of the evidence" standard is satisfied if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the [removing party] sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Chavez v. State Farm Lloyds*, 746 F. App'x 337, 341 (5th Cir. 2018) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 722 (5th Cir. 2002)).

**III.    BANA has met its burden to show that jurisdiction is proper under 28 U.S.C. § 1332(a).**

---

[2] The Texas Rules of Civil Procedure prohibit a plaintiff from pleading a specific amount of damages.  TEX. R. CIV. P. 47(b)-(c).

Plaintiff argues that BANA has failed to properly demonstrate complete diversity of the parties and an amount in controversy that exceeds $75,000. Each of these arguments is addressed in turn.

### A. The named parties in this case are citizens of different states and the citizenship of the John Doe Defendants must be disregarded.

National banking associations such as BANA are "deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. The Supreme Court has clarified that the citizenship of a national banking association is "of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006). Therefore, BANA is a citizen of North Carolina, because its main office is located there. ECF 1 at ¶ 9.

With respect to Plaintiff's citizenship, the state court petition states that Plaintiff is "authorized to do business in the state of Texas," but does not identify its citizenship for diversity purposes. ECF 1-1 at ¶ 3. BANA's Notice of Removal identifies Plaintiff as a citizen of Texas, ECF 1 at ¶ 8, but its "Statement of Information in Removed Action" identifies Plaintiff as a citizen of Arkansas. ECF 11. BANA clarifies in its Response to the Motion to Remand that Plaintiff is a citizen of Arkansas and that it inadvertently identified Plaintiff as a citizen of Texas in the Notice of Removal. ECF 18 at ¶ 13 n.2. Plaintiff identifies itself as a state bank "organized under the laws of the State of Arkansas" in a Certificate of Interested Parties filed with the Court. ECF 13. Whether Plaintiff is a citizen of Texas or Arkansas, all named parties "on one side of the controversy [are] citizens of different states than all persons on the other side," satisfying the complete diversity requirement under 28 U.S.C. § 1332. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citation omitted).

Plaintiff argues that BANA has not demonstrated complete diversity because the citizenship and whereabouts of the John Doe Defendants are unknown. However, when determining the citizenship of parties in the context of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. §1441(b). Although subsequent discovery may reveal John Doe Defendants to be citizens of Arkansas or Texas, the Court cannot consider the citizenship of John Doe Defendants for purposes of a Motion to Remand. *Id.*; *see also Weaver v. Metro Life Ins. Co.*, 939 F.3d 618, 623 (5th Cir. 2019) (disregarding a defendant titled "Unknown Payee" in its analysis of parties' citizenship for diversity purposes). Accordingly, the Court finds diversity of citizenship exists for all parties whose citizenship can properly be considered.

### B. BANA has met its burden to show that the amount in controversy is likely to exceed $75,000.

The removing defendant bears the burden of establishing the amount in controversy for diversity jurisdiction. 28 U.S.C. § 1446(c)(2)(B); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). A defendant may meet its burden to show that the amount in controversy exceeds $75,000 if it is apparent from the face of the petition that the claims are likely to exceed $75,000. *See Chavez*, 746 F. App'x at 341 (noting that the burden of proving the amount in controversy is met if "it is apparent from the face of the petition that the claims are likely to exceed $75,000").

Here, BANA argues the $75,000 amount in controversy is met because Plaintiff identifies a loss of $58,000 and also seeks (1) attorney's fees and (2) punitive and exemplary damages. A federal court may include claims for attorney's fees in the amount in controversy where a state statue giving rise to plaintiff's cause of action provides for such fees. *Manguno*, 276 F.3d at 723. The same principle applies for exemplary and punitive damages. *Chavez*, 746 F. App'x at 341;

*Shoffeitt v. Wal-Mart Stores Texas, LLC*, No. 1:19-cv-156, 2019 WL 7584313, at *3 (S.D. Tex. Dec. 30, 2019) (quoting *Bates v. Laminack*, 938 F. Supp. 2d 649, 655 (S.D. Tex. 2013)).

Texas law allows a prevailing party to recover attorney's fees on claims involving "an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(b)(8). Plaintiff's State Court complaint seeks a declaration that Defendants "violated [UCC] warranties and breached the 'contract' created by the Check," and explicitly seeks attorney's fees in connection with the cause of action. ECF 1-1 at ¶ 22. Thus, the Court can include the potential for attorney's fees in the amount in controversy.

In addition, Texas law allows for recovery of exemplary and punitive damages for gross negligence. TEX. CIV. PRAC. & REM. CODE § 41.003(a)(3); *see also* TEX. CIV. PRAC. & REM. CODE § 41.002(a) (the exemplary damages provision applies to "any action in which a claimant seeks damages relating to a cause of action"); TEX. CIV. PRAC. & REM. CODE § 41.001(5) (defining "exemplary damages" to include punitive damages). Under Texas law, recovery of exemplary damages is limited to the amount equal to (1) two times the amount of economic damages plus an amount equal to noneconomic damages, or (2) $200,000, whichever is greater. TEX. CIV. PRAC. & REM. CODE § 41.008(b). Here, Plaintiff seeks exemplary damages in connection with its gross negligence allegations. ECF 1-1 at ¶ 25. Where Plaintiff has sought "actual damages of at least $58,000.00," the potential for exemplary damages in two times the actual amount or $200,000 wholly satisfies the $75,000 amount-in-controversy requirement. *Id.* at ¶ 24. Thus, even without considering the potential for an award of attorney's fees, BANA has shown "it is apparent from the face of the petition that [Plaintiff's] claims are likely to exceed $75,000." *Chavez*, 746 F. App'x at 341. Thus, the amount in controversy required for subject-matter jurisdiction is satisfied.

6

### IV. Conclusion and Recommendation

For the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion to Remand be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on October 26, 2022, at Houston, Texas.

*Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge