United States District Court
Southern District of Texas
**ENTERED**
December 27, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CENTENNIAL BANK f/k/a HAPPY STATE BANK d/b/a GOLDSTAR TRUST COMPANY, Plaintiff, | § § § § § § § § | CIVIL ACTION NO 4:22-cv-02360 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| BANK OF AMERICA, NA and JOHN DOE DEFENDANTS, Defendants. | § § § § § | |

**ORDER ADOPTING**
**MEMORANDUM AND RECOMMENDATION**

Plaintiff Centennial Bank f/k/a Happy State Bank d/b/a Goldstar Trust Company brought this action in state court alleging that Defendant Bank of America, NA had negotiated a $58,000 check that wasn't endorsed by the name of the payee, and the proper party never received the proceeds of the check. Dkt 1-1 at 5. Defendant Bank of America filed a notice of removal on July 15, 2022. Dkt 1. The matter was referred for disposition to Magistrate Judge Christina A. Bryan. Dkt 9.

Centennial Bank subsequently moved to remand the case on the basis of lack of complete diversity and lack of satisfaction of the amount in controversy requirement. Dkt 14. Pending is a Memorandum and Recommendation by Magistrate Judge Christina A Bryan dated October 26, 2022 on the motion to remand. Dkt 28. She recommends that the motion be denied because (i) diversity of citizenship plainly exists after it was clarified that

Centennial Bank is a citizen of Arkansas, and Bank of America is a citizen of North Carolina, and (ii) the amount in controversy exceeds $75,000, given that Texas law allows for potential recovery of attorney fees, punitive, and exemplary damages.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

None of the parties filed objections. No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 28.

Plaintiff's Motion to Remand is DENIED. Dkt 14.

SO ORDERED.

Signed on December 27, 2022, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

2